Joseph M. Hoats (SBN141599)
LAW OFFICES OF JOSEPH M. HOATS
12672 Limonite Avenue, Suite 3E#345
Corona, CA 92880
310-920-5806

Attorney for Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>RICHARD E. CASELLI,<br><br>        Debtor-in-Possession,<br><br>_____ | Chapter 11<br><br>Case No. 8:14 - bk - 10971- CB<br><br>FIRST AMENDED<br>PLAN OF REORGANIZATION<br><br>Dated: January 5, 2015<br>Disclosure Statement Hearing<br>Date:   February 11, 2015<br>Time:   10:00 a.m.<br>Courtroom:   5D<br><br>Plan Confirmation Hearing:  Not Set |

      This plan of reorganization (the "Plan") under Chapter 11 of 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") provides for the restructuring of the debts of the above—named debtor ("Debtor"). If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim, accept the Plan, object to Confirmation, or have their claims allowed. All Creditors should refer to Articles I—IV of this Plan for the precise treatment of their claims. A disclosure statement (the "Disclosure Statement") that provides additional information is being circulated with this Plan. The Disclosure Statement is explanatory only; the language used in the Plan is binding. **Your rights**

In re:  CASELLI                                                               Plan of Reorganization

**may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

# Article I
## Classification and Treatment of Claims

**Class 1: Priority Claims.**

This class includes allowed claims entitled to priority under § 507 of the Bankruptcy Code (except administrative claims under § 507(a)(2) and priority tax claims under § 507(a)(8), which are treated in Article II). Debtor has creditors in Classes 1(a) as indicated:'

_X__  <u>Class 1(a):</u> claims entitled to priority under Bankruptcy Code § 507(a)(1). Debtor proposes to pay each claim in Class 1(a) in full in cash as soon as the court approves attorney's fees. Attorney's fees due on confirmation are estimated at $10,000 to $15,000.00.

_X__  Debtor has no other creditors in Class 1.

**Class 2 : Mortgages on unimpaired secured claims.**

This class includes claims secured by a lien on property in which Debtor has an interest that are unimpaired under the Plan. Debtor will cure any default that occurred before or after the petition date in this case, reinstate the maturity of that claim as such maturity existed before the default, maintain current payments, and not otherwise alter the legal, equitable or contractual rights to which that claim entitles the holder of the claim. All arrearages shall be paid in full on the Effective Date, unless the holder of the claim agrees to other terms. Regular payments made thereafter will be made when due under the documents governing claim.

These classes are unimpaired and not entitled to vote on the Plan.

In re:  CASELLI                                                                                          Plan of Reorganization

| Class | Name of | Address | Amount of Regular Monthly Payment |

Name: Bank of America
Monthly payment: $3,589.88
Collateral Description: 15 Langford Lane, Ladera Ranch, CA 92694
Payments Began: 2013
Principal Owed: $918,000
Priority of lien: 1st TD
Balloon Payment: none
Interest Rate: 2%
Prepetition arrearages: none
Total claim: none
Value of Collateral: $700,000
Post petition interest: none
Allowed secured claim: $918,000
Regular maintenance payments: $3,468.89
Monthly payments are due on the first of each month.

**Class 3: Other Secured Claims.** "

This class includes claims secured by a lien on property in which Debtor has an interest, other than the unimpaired secured claims in Class 2, to the extent of the value of that creditor's interest in Debtor's interest in the property, pursuant to § 506 of the Bankruptcy Code. The amount of the claim, if any, in excess of the secured claim is an unsecured claim in Class 3.  However if the claim is secured solely by the Debtor's principal residence and there is any amount of equity to at least partially secure the claim, the claim will be paid in full as a secured claim in this class. § 1123(b)(5).

The following chart lists Class 3 claims and their proposed treatment under the Plan:

**3(a) Secured claim of**:
Name = Nationstar Mortgage
Monthly Payment = $3,600.00
Collateral description = 2 Shepherd Court, Ladera Ranch, CA 92694
Payments Begin = April 1, 2015
Priority of lien = 1st .D.
Payments End = May 31, 2055
Principal owed = $1,225,000.00
Balloon Payment, if any = $0
Interest Rate = __2_%

In re:  CASELLI                                                                                              Plan of Reorganization

3

Prepetition arrearages = $500,000 (est.)
Total claim (at petition date) = $1,725,000.00
Value of collateral (at June 7, 2014)" = $1,225,000.00
Postpetition interest, etc., if any = $10,000   (estimated)

Allowed secured claim = $1,225,000.00
Regular maintenance payments = Interest only payments = $2,041.67 per month for the first five years, then beginning August 1, 2020 and continuing until May 31, 2055, monthly payments of $4,057.97, which fully pays the allowed secured claim over 35 years with 2% interest.
Debtor has requested a loan modification from Bank of America. Should the loan modification be approved, the debtor will pay Deutsch Bank National Trust Co. the amount of the agreed modification.

**3(b) Secured claim of**:
Name = J P Morgan Chase
Monthly Payment = $1,450.00
Collateral description = 7 Iron Horse Trail, Ladera Ranch, CA 92694
Payments Begin = April 1, 2015
Priority of lien = 1st T.D.
Payments End = March 1, 2045
Principal owed = $363,500.00
Balloon Payment, if any = $0
Interest Rate = 3%
Prepetition arrearages = $20,000.00     (est.)
Total claim (at petition date) = $383,000.00
Value of collateral (at June 7, 2014)" = $500,000.00
Postpetition interest, etc., if any = $24,000.00 (Approx.
Allowed secured claim = $363,500.00
Regular maintenance payments = $1,530.42 Principal and Interest payment @ 3% fixed for 30 years.

If a secured creditor disputes the value of its collateral as stated above by Debtor, that secured creditor must timely file an objection to confirmation of the Plan, or the value stated by Debtor will be determined to be the value of the collateral. The objection shall be accompanied by competent evidence of valuation, which need not include an appraisal. If the value of the collateral is disputed, the Court, after consultation with the parties, will schedule a hearing for determining value.  To the extent that there are any defaults that are not being cured or paid in full on or before the effective date, those classes are impaired and entitled to vote on the Plan. See Part 2 of the Disclosure Statement for instructions on voting.

In re:  CASELLI                                                                          Plan of Reorganization

4

**Class 4 : Mortgages on impaired secured claims.**

This class includes claims secured by a lien on property in which Debtor has an interest that are impaired and unsecured. Under the Plan, upon receipt of all payments under the Plan the Creditors will release the liens.

**4(a) Secured claim of**:
Name = Bank of America
Monthly Payment = 0
Collateral description = 2 Shepherd Court, Ladera Ranch, CA 92694
Payments Begin = no payments, this lien will be stripped.
Priority of lien = 2nd T.D.
Payments End = January 1, 2015
Principal owed = $100,000.00
Balloon Payment, if any = $0
Interest Rate = 0%
Prepetition arrearages = $
Total claim (at petition date) =
Value of collateral (at June 7, 2014)" = $1,225,000.00
Postpetition interest, etc., if any = $__0
Allowed secured claim = $5,000.00
Regular maintenance payments = $500.00/mo. for ten (10) months

**4(b) Secured claim of**:
Name = Wells Fargo
Monthly Payment = n/a
Collateral description = 7 Iron Horse Trail, Ladera Ranch, CA 92694
Payments Begin = April 1, 2015
Priority of lien = 2nd T.D.
Payments End = January 1, 2016
Principal owed = $150,000.00
Balloon Payment, if any = $_0
Interest Rate = 0%
Prepetition arrearages = $
Total claim (at petition date) = $
Value of collateral (at June 7, 2014)" = $500,000.00
Postpetition interest, etc., if any = $ none
Allowed secured claim = $10,000.00
Regular maintenance payments = $1,000.00 per month
Monthly payments will be due on the first day of the month

    If a secured creditor disputes the value of its collateral as stated above by Debtor, that secured creditor must timely file an objection to confirmation of the Plan, or

In re: CASELLI                                                                                      Plan of Reorganization

the value stated by Debtor will be determined to be the value of the collateral. The objection shall be accompanied by competent evidence of valuation, which need not include an appraisal. If the value of the collateral is disputed, the Court, after consultation with the parties, will schedule a hearing for determining value.

To the extent that there are any defaults that are not being cured or paid in full on or before the effective date, those classes are impaired and entitled to vote on the Plan. See Part 2 of the Disclosure Statement for instructions on voting.

**Class 5: General Unsecured Claims**.

Class 5(a): Small Claims. This class includes any allowed unsecured claim of $100.00 or less, and any allowed unsecured claim larger than $500.00 but whose holder agrees to reduce its claim to $100.00. Each member of this class shall receive on the Effective Date a single payment equal to 100% of the allowed claim. This class is unimpaired and not entitled to vote on the plan."

Class 5(b): Other General Unsecured Creditors. This class includes all allowed unsecured claims not in Class 5(a). Each member of Class 5(b) shall be paid 0% of its claim over 0 years in equal [monthly][quarterly] installments, due on the first day of each calendar (month/quarter), starting on the first such date after the Effective Date."

This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure Statement.

Undisputed Class 5 claims, as of this date, are listed on Exhibit C to the Plan of Reorganization.

**Article II**
**Treatment of Unclassified Claims**

Under Bankruptcy Code, § 1123(a)(1), (i) administrative expense claims allowed under Bankruptcy Code § 503(b) and entitled to priority under § 507(a)(2)(including the claims of professionals, United States Trustee fees and domestic support obligations

In re: CASELLI                                                                                              Plan of Reorganization

arising post—petition) and (ii) priority tax claims under § 507(a)(8) are not classified and are not entitled to vote on confirmation of the Plan. These claims shall be treated, as follows:

    A. <u>Professional Fees</u>.  Professional fees may only be paid upon application to and approval by the Bankruptcy Court.  Debtor will pay the professional fees in full in cash on the later of (i) the Effective Date or (ii) approval by the Court, except to the extent that a holder of such claim agrees to other terms.

    B. <u>Other Administrative Claims</u>.  Debtor will pay other claims allowed under § 503(b) and entitled to priority under § 507(a)(2), including domestic support obligations arising post-petition" and U.S. Trustee fees, in full on the Effective Date (although expenses arising and paid in the ordinary course of Debtor's financial affairs may be paid as due), except to the extent that a holder of these claims agrees to other terms."

    C. <u>Tax Claim</u>.  Debtor will pay claims entitled to priority under § 507(a)(8) in full over time with 5% interest in equal amortizing payments in accordance with § 511 of the Bankruptcy Code. Payments will be made quarterly, due on the first day of the quarter, starting on the first such date after the Effective Date and ending on the last such date that is no more than 5 years after the petition date. Payment of priority tax claims in full within 5 years of the order for relief and on terms not less favorable than those accorded the most favored nonpriority creditor is required by § l129(9)(C)."

**Article III**
**Allowance and Disallowance of Claims**

    A. <u>Disputed Claim</u>.  A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

B. <u>Delayed Distribution on Disputed Claims</u>.  No distribution will be made on account of a disputed claim unless that claim is allowed by final non-appealable order.

C. <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article IV
## Executory Contracts and Unexpired Leases

A. <u>Executory Contracts and Leases Assumed</u>.  The Debtor assumes the following executory contracts and unexpired leases, effective upon the Effective Date, and shall perform all obligations thereunder, both preconfirmation and post-confirmation:

Name of Lessor/             Debtor
Property Address            7 Iron Horse Trail, Ladera Ranch, CA
Lease/Contract Arrears       $0
Counterparty R. J. and Crista Young, tenant, lease of premises is assumed as of Confirmation.

Name of Lessor/             Debtor
Property Address            2 Shepherd Court, Ladera Ranch, CA
Lease/Contract Arrears      $0
Counterparty Christopher and Kelly Betty, tenant, lease of premises is assumed as of Confirmation.

B. <u>Executory Contracts and Leases Reflected</u>. The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in A above, as of the Effective Date. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan. Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 4, except to the extent this court orders otherwise.

In re:  CASELLI                                                                           Plan of Reorganization

**Article V**
**Means of Implementation**

The Plan will be funded through:

X    a. $ 5,000.00 of cash available on the date of the Plan Confirmation Hearing;

___ b. additional cash from monthly disposable income (projected to be $ /month for the ___—year " period following confirmation); and/or

_X__ C. Other sources of funding, as follows:

Rental Income from Shepherd Court and Iron Horse properties.  Please see Part 3 of the Disclosure Statement for further details of these projections.

**Article VI**
**Discharge and Other Effects of Confirmation**

A.  <u>Discharge</u>.  Upon completion of all payments under the Plan, the Debtor will receive a discharge of all pre-confirmation debts, whether or not the creditor files a proof of claim, accepts the Plan, or has its claim allowed, except as provided in § 1141 of the Bankruptcy Code." Such discharge will discharge all dischargeable debts.

B.  <u>Vesting of Property</u>.  On the Effective Date, all property of the estate will vest in the reorganized debtor pursuant to § 1141(b) of the Bankruptcy Code, free and clear of all claims and interests, except as provided in the Plan.

C.  <u>Plan Creates New Obligations</u>.  The payments promised in the Plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

D.  <u>Creditor Action Restrained</u>.  Creditors may not take any action to enforce either preconfirmation obligations or obligations due under the Plan, so long as the Debtor is not in Material Default under the Plan. If the Debtor is in Material Default under the Plan, then affected creditors may: (i) take any actions permitted under nonbankruptcy law to enforce the terms of the Plan or (ii) move to dismiss this case or to convert this case to a Chapter 7 bankruptcy case.

E.  <u>Material Default Defined</u>.  If Debtor fails to make any payment required under

In re:  CASELLI                                                                                          Plan of Reorganization

9

the Plan, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of default. The Debtor is in Material Default under the Plan if the Debtor fails within 21 days of the service of such notice of default either: (i) to cure the default or (ii) to obtain from the Court an extension of time to cure the default or a determination that no default occurred.

    F.  <u>Retention of Jurisdiction</u>.  This court will retain jurisdiction to the extent provided by law.

### Article VII
### General Provisions

    A.  <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Code are used in the Plan.

    B.  <u>Effective Date of Plan</u>.  The Effective Date of the Plan is 15 days following the date of the entry of the order confirming the Plan, but if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

    C.  <u>Severability</u>.  If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

    D.  <u>Cramdown</u>.  Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to § 1129(b) of the Bankruptcy Code.

    E.  <u>Binding Effect</u>.  The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

    F.  <u>Captions</u>.  The headings contained in this Plan are for convenience of

reference only and do not affect the meaning or interpretation of the Plan.

G. <u>Controlling Effect</u>.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

Respectfully submitted,

By: _____
  Debtor

By: _____
  Joseph M. Hoats
  Attorney for the Debtor

Exhibit A:    Declarations of Current/Postpetition Income and Expenses, prepared as of January 1, 2015

Exhibit B:    Schedules A & B, as adjusted to provide liquidation values and with appendices describing valuation methods

Exhibit C:    Undisputed unsecured claims

Exhibit D:    Ballot

Exhibit E:    Executory contracts and Unexpired Leases to be Assumed

In re: CASELLI                                                                                                    Plan of Reorganization